IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

2016 JAN 20 P 8: 17

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 2:15-CR-346 |
| : | FILED UNDER SEAL |
| : | FILED *EX PARTE* |
| CHAKA FATTAH, SR., et al. : | |

## ORDER

AND NOW, this _____ day of _____, 2016, upon consideration of the foregoing *Ex Parte Motion to Withdraw As Counsel*, it is hereby **ORDERED** and **DECREED** that the Petition is **GRANTED**. The appearance of Kevin Mincey, Thomas Fitzpatrick, and Shabrei Parker, and the law firm of Mincey & Fitzpatrick LLC on behalf of Defendant Chaka Fattah, Sr., in the above-captioned matter is hereby withdrawn.

BY THE COURT:

_____
Hon. Harvey Bartle III
United States District Judge

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 2:15-CR-346 |
| | : FILED UNDER SEAL |
| | : FILED *EX PARTE* |
| CHAKA FATTAH, SR., et al. | : |

### ORDER

AND NOW, this _____ day of _____, 2016, upon consideration of the foregoing *Ex Parte Motion to Withdraw As Counsel*, it is hereby **ORDERED** and **DECREED** that the Petition is **GRANTED**. The appearance of Riley Ross, and the law firm of Ross Legal Practice, LLC, on behalf of Defendant Chaka Fattah, Sr., in the above-captioned matter is hereby withdrawn.

BY THE COURT:

_____
Hon. Harvey Bartle III
United States District Judge

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 2:15-CR-346 |
| | : | FILED UNDER SEAL |
| | : | FILED *EX PARTE* |
| CHAKA FATTAH, SR., et al. | : | |

### *EX PARTE* MOTION TO WITHDRAW AS COUNSEL

Kevin Mincey, Thomas Fitzpatrick, Shabrei Parker, and Riley Ross, and the law firms of Mincey & Fitzpatrick LLC and Ross Legal Practice, (collectively "Movants") hereby bring the instant *Ex Parte Motion to Withdraw As Counsel* pursuant to Rule 1.16(b) of the Pennsylvania Rules of Professional Conduct. In support thereof, Movants rely upon the statements contained within the attached Memorandum of Law, incorporated hereto by reference.

Respectfully Submitted,

**MINCEY & FITZPATRICK, LLC**

BY: /s/ Kevin V. Mincey, Esq.
Kevin V. Mincey, Esq.
Thomas O. Fitzpatrick, Esq.
Shabrei M. Parker, Esq.

**ROSS LEGAL PRACTICE, LLC**

BY: /s/ Riley H. Ross III
Riley H. Ross III, Esq.

Date:   January 20, 2016

1

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 2:15-CR-346<br>FILED UNDER SEAL<br>FILED *EX PARTE* |
| CHAKA FATTAH, SR., et al. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOVANTS'**
***EX PARTE* MOTION TO WITHDRAWAL OF COUNSEL**

Pursuant to Rule 1.16(b) of the Pennsylvania Rules of Professional Conduct, Kevin Mincey, Thomas Fitzpatrick, Shabrei Parker, and Riley Ross, and the law firms of Mincey & Fitzpatrick LLC and Ross Legal Practice, (collectively "Movants") seek this Court's permission to withdraw representation of Defendant Chaka Fattah, Sr. in the above-captioned matter.

Movants seek withdrawal because (1) Defendant has failed to honor his fee agreement and has made no suitable arrangments to so comply; (2) Defendant has been apprised of, and acquiesced to, attorney withdrawal upon his failure to timely remit fees; and (3) an insurmountable financial burden for counsel will persist if required to continue representation despite non-payment.

**I. ARGUMENT**

Defendant Chaka Fattah, Sr. is an adult citizen of Philadelphia, Pennsylvania who retained movants on August 12, 2015 as defense counsel in the above-captioned matter. Attorneys Kevin Mincey and Thomas Fitzpatrick entered their appearance on behalf of Defendant on August 12, 2015 and first appeared before this Court pursuant to Defendant Fattah's Initial Appearance on August 18, 2015. Attorneys Riley Ross and Shabrei Parker entered their appearance on August 19, 2015 and September 10, 2015 respectively.

1

Pursuant to the local rules of this Court, counsel must seek leave to withdraw representation. E.D. Pa. Loc. R. Crim. P. 44.1; United States v. Heron, 513 F. Supp. 2d 393, 396 (E.D. Pa. 2007). In ruling on a motion to withdraw, courts consider four guiding factors, including: "(1) the reason why withdrawal is sought; (2) the prejudice withdrawal may cause to litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay resolution of the case." Wolgin v. Smith, 1996 WL 482943, at *2 (E.D. Pa. Aug. 21, 1996).

It is well settled that "the Pennsylvania Rules of Professional Conduct are relevant to the Court's determination on a motion to withdraw representation." Taylor v. Stewart, 20 F. Supp. 2d 882, 883 (E.D. Pa. 1998). Under Pennsylvania Rules of Professional Conduct Rule 1.16(b), where representation has commenced, a lawyer may withdraw from representation if:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client; . . . (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (7) other good cause for withdrawal exists.

Pennsylvania Rules of Professional Conduct Rule 1.16(b).

"Where it is demonstrated that the client is unable to pay accrued legal fees, courts have regularly permitted counsel to withdraw." Medical Marketing Consultants, LLP v. Cardiac Telecom Corp., 2007 WL 1795653, *1 (W.D. Pa. June 20, 2007). Additionally, the stage of litigation factors into the Court's decision to grant or deny the withdrawal. Where no prejudice would impugn to the parties leave to withdraw representation has been granted. Torres v. Gautsch, 2014 WL 3368782 (M.D. Pa. Jul. 9, 2014).

2

Here, Defendant agreed to timely pay attorney's fees and the case costs associated with said representation, and understood that counsel could not continue representation without such payment. In persisting in the refusal to pay the agreed-upon attorney's fees, Defendant has provided several preferred payment arrangements, and has knowingly defaulted upon each. Despite repeated requests for payment, and promises for same, Defendant has failed to address his outstanding balance, and continued work on Defendant's matter without payment is fiscally impossible for Movants. Defendant has been repeatedly advised of Movants' intent to withdraw upon non-payment of fees, and acquiesced to same in writing in his engagement agreement with counsel.

In addition to Movants' initial appearance, there have been no less than four (4) personal appearances before this Court on behalf of Defendant, despite the persistent lack of payment for legal services. Additionally, to ensure the protection of Defendant's pretrial interests, to date, Movants have filed more than thirteen (13) motions on Defendant's behalf. Not only are Movants unable to continue to perform legal work on Defendant's behalf, Movants cannot properly prepare for trial, including retaining experts and consultants and necessary travel, without compensation. The relief sought by Movants is timely and will not prejudice Defendant or any party to this action, as there are no other outstanding motions to be filed or other pretrial matters awaiting decision. As Defendant has refused to make required payments, Movants are unable to successfully represent Defendant, and, under Rule 1.16(b) of the Pennsylvania Rules of Professional Conduct, good cause exists for Movants' withdrawal.

## II. CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court grant the instant *Ex Parte Motion to Withdraw As Counsel* and permit the undersigned counsel to withdraw representation for Defendant Chaka Fattah.

Respectfully Submitted,

**MINCEY & FITZPATRICK, LLC**

BY: /s/ Kevin V. Mincey, Esq.
Kevin V. Mincey, Esq.
Thomas O. Fitzpatrick, Esq.
Shabrei M. Parker, Esq.
Two Penn Center
1500 JFK Blvd., Suite 1525
Philadelphia, PA 19102
(215) 587-0006 (office)
(215) 587-0628 (fax)
kevin@minceyandfitz.com

**ROSS LEGAL PRACTICE, LLC**

BY: /s/ Riley H. Ross III
Riley H. Ross III, Esq.
Two Penn Center
1500 JFK Blvd., Suite 1525
Philadelphia, PA 19102
(215) 587-7177 (office)
(215) 703-8480 (cell)
(215) 587-0628 (fax)
rileyross@rosslegalpractice.com

Date: January 20, 2016

4

## CERTIFICATE OF SERVICE

I, Kevin Mincey, hereby verify that a true and correct copy of the foregoing *Ex Parte Motion to Withdraw As Counsel*, to be <u>filed under seal</u>, was delivered by U.S. Mail, first-class and electronic mail, to Defendant Chaka Fattah, Sr. at the address below.

>Congressman Chaka Fattah
>3939 Netherfield Road
>Philadelphia PA, 19129

BY:   /s/ Kevin Mincey, Esq.
           Kevin Mincey, Esq.
           MINCEY & FITZPATRICK, LLC

January 20, 2016